## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nicholas Prikis & Sophie Pittas. | : |
| Plaintiff, | : |
| | : Civil Action No. _____ |
| v. | : |
| | : |
| Maxatawny Township | : |
| John Deplanque (Individually) | : |
| Chris Paff (Individually) | : |
| Maxatawny Township Zoning Hearing Board | : |
| Steve D. Wilson (Individually)        ` | : |
| Janna Gregonis. (Individually) | : |
| Defendants. | **:** |

## COMPLAINT

Comes now, the Plaintiff, complaining by and through undersigned counsel, that the Defendants have conspired to deprive them of their Constitutional Right to Due Process and Equal Protection in violation of 42 U.S.C.A. 1983 and 18 U.S.C.A 1346 and alleging the following facts to support these claims that entitle it to legal and equitable relief.

### <u>General Identification of Parties</u>

1.    The Township of Maxatawny is a Township in Berks County Pennsylvania of the **second class** governed by a Board of Supervisors.

2.    John Deplanque is a Supervisor Maxatawny Township Supervisor.

3.    Chris Paff is Maxatawny Township's long time compromised Zoning Officer.

4.    The Maxatawny Township Zoning Hearing Board is a semi-judicial body, consisting of three members, all of whom are residents of the Township.

5.    Steve D. Wilson is a former member of Maxatawny's Municipal Authority who, as is relevant infra, conspired with Paff and others long ago to rework the Township's septic lines

1

preventing Plaintiff's property from being connected and who also entered into illegal capacity agreements usurping Plaintiff's allocation and that now prevent the Township from further development until such time as Plaintiff's property is connected.

6.      Janna Gregonis is an Assistant Professor at Kutztown University.

7.      Plaintiff(s) are the owners of a parcel of land located at 15110 Kutztown Road, Berks County, Pennsylvania, 19530 that is currently under contract for sale for development of a use as of right that meets all terms and conditions set under Township Code.

8.      The Court is a proper venue for this action as it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C § 1391(b)(2). The agreement was performed almost entirely in Pennsylvania and the events relevant to this claim that took place outside of Pennsylvania, while necessary to the performance and understanding of the agreement, are incidental to it.

**Relevant History Surrounding 15110 Kutztown Road**

9.      At the time Maxatawny's sewage plant was built, the subject property was the Township's number one (1) malfunctioning system.

10.      In fact, testifying on behalf of the Township, its' "Engineer. Chris Falencki, testified that the trailer park was the main reason that the sewer treatment plant was being constructed." *Maxatawny Twp. & Maxatawny Twp. Mun. Auth. v. Nicholas & Sophie,* 2014 Pa. Dist. & Cnty. Dec. LEXIS 889.,

11.      Maxatawny required all of the parties in the sewer treatment area to connect to the sewer system. Id.   As averred by the Township in *Maxatawny Twp. v. Karaisz*, 2015 Pa. Commw.

Unpub. LEXIS 710, *15-17 "[t]he goal of its mandatory connection is to reach all properties within a service area.."[1].

12.     The subject parcel, however, is not connected because - with Wilson and Paff conspiring with a former solicitor and others to enter into illegal contracts for its capacity, to enter the Township re-engineered its system's Main to better service Advantage Point, L.P.'s[2] intended apartments and in such a manner that the nearest trailer is over twelve hundred feet (1,200) away from it.   *Maxatawny Twp. & Maxatawny Twp. Mun. Auth. v. Nicholas & Sophie,* 2014 Pa. Dist. & Cnty. Dec. LEXIS 889.

13.     There was, and remains, however more than sufficient capacity for the parcel however as not only was it allocated approximately fifty-seven (57) EDUs as part of the Township's approved Act 537 Plan – a copy of which we also maintain, the subject system can handle 300,000 gallons per day, with "150,000 [gpd] of that amount allocated to transport ultimate flows from [Maxatawny]. • From the 150,000 gpd of available capacity for sewage flows emanating from [Maxatawny], 26,174 gpd of that allocation is in use. Approximately 123,826 gpd of the allocation remains available." *Maxatawny Twp. v. Dep't of Envtl. Prot.,* 2015 Pa. Commw. Unpub. LEXIS 757 (Pa. Cmwlth, 2015)[3] R.R. at 114a."

---

[1] Section 3.01 of the Mandatory Connection Ordinance, required  the "Owner of any Improved Property located within [Township] adjoining or adjacent to <u>or</u> whose principal building is within 150 feet from any part of the Sewer System shall connect to such Improved Property and use such Sewer System in such manner as the Township may require.... ." Id

[2] Please note, at this time, the Township's Solicitor was also Advantage Point's attorney. These Capacity Reservation Agreements do not contain the required "use it or lose it" provision that all others contain. Additionally, these Agreements – which we have maintained copies of, also gave a discounted price and, at last word, were not fully paid for.

[3] The Township, on behalf of Advantage Point, sought to break the intermunicipal agreement between it and the Borough resulting in litigation and then arbitration.  Ultimately, the Borough was awarded $700,000.

14.     And, until such time as the Airport property is connected, the Pennsylvania Department of Environmental Protection ("D.E.P.") simply won't allow for expansion of the plant.

15.     There are also no health and safety concerns posed by this project because the intended development will be cleaning up the Township's number one malfunctioning system, its top non-conforming frontage, and it is a use as of right under the Code and thus deemed to be consistent with the Township's overall health, safety and welfare. *Chester County Pub. Safety Training Found. v. Bd. of Supervisors (In re Land Use Appeal of Chester County Pub. Safety Training Found.),* 2010 Pa. Dist. & Cnty. Dec. LEXIS 588. (C.C.C.P. 2010)(a use that fits within the municipality's zoning scheme is presumptively consistent with the health, safety and welfare of the community), *citing,.* 53 P.S. § 10603(c)(2); *LTS Development, Inc v. Middle Smithfield Twp. Bd. of Supervisors,* 862 A.2d 686, 688 (Pa. Cmwlth. 2004), citation omitted, *See also, In re Cutler Grou*p, 880 A.2d 39, 43 (Pa. Cmwlth. 2006); *Bailey v. Upper Southampton Twp*., 690 A.2d 1324, 1326 (Pa. Cmwlth. 1997) (citing Robert S. Ryan, Pennsylvania Zoning Law & Practice § 5.2.5)([denial of a conditional use requires proof that its allowance poses a greater risk than normally follows approval of similar uses.)

## The Subject Development Project

16.     The Property is the subject of the pending Conditional Use Application recently filed by C&B Development, LLC.

17.     Maxatawny Township is unable and/or unwilling to establish/ensure the subject Conditional Use Application receive a fair and unbiased review, free from the disruption caused by opponents' intent on "shutting down" the hearing process.

4

18.     Moreover, Supervisor Deplanque has stated an expressed bias against this project and – along with Paff, Wilson, Gregonis and persons Jane and John Doe, has conspired to prevent the lawful and orderly review of this project.

19.     And, Supervisor Deplanque expressed, absolute bias against the development of the Property by expressly denoting his opposition to it and intent to vote against it comes despite repeated Notice that:

> "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. . . . This Court has said . . . that every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused, denies the latter due process of law."

*Pascal v. City of Pittsburgh Zoning Bd. of Adjustment,* 259 A.3d 375, 383, citation omitted.

20.      Supervisor Deplanque has not only indicated he cannot adhere to the Oath of Office he has taken, but he has also repeatedly expressed a determined intent to violate my clients' Constitutional Right to develop the Property in accordance with Maxatawny Township Code and refused abstain and/or remove himself from these proceedings.

21.     Moreover, because the intended project is a use as of right under the Township Code, it is statutorily deemed to be consistent with the Township's overall health, safety and welfare. *Chester County Pub. Safety Training Found. v. Bd. of Supervisors (In re Land Use Appeal of Chester County Pub. Safety Training Found.),* 2010 Pa. Dist. & Cnty. Dec. LEXIS 588. (C.C.C.P. 2010)(a use that fits within the municipality's zoning scheme is presumptively consistent with the health, safety and welfare of the community), *citing,*. 53 P.S. § 10603(c)(2); *LTS Development, Inc v. Middle Smithfield Twp. Bd. of Supervisors,* 862 A.2d 686, 688 (Pa. Cmwlth.

5

2004), citation omitted, *See also,  In re Cutler Grou*p, 880 A.2d 39, 43 (Pa. Cmwlth. 2006); *Bailey v. Upper Southampton Twp*., 690 A.2d 1324, 1326 (Pa. Cmwlth. 1997) (citing Robert S. Ryan, Pennsylvania Zoning Law & Practice § 5.2.5)(denial of a conditional use requires proof that its allowance poses a greater risk than normally follows approval of similar uses.).

22.     Yet despite this, Deplanque – along with Wilson, Gregonis, and Paff have conspired to prevent any semblance of a fair and timely review of the project by encouraging participation, comments, and objections from persons who plainly lack Standing simply to "shut it down" pending 2024 Reorganization.

23.     For example, Gregonis who has absolutely no property interest at stake herein, repeatedly posts her intent to "shut down" these hearings by using Kutztown University ("KU") Students to "exceed" capacity.[4]

> *200 people are needed to shut down the meeting with room Capacity-*
>
> *ALERT Airport Warehouse is on the Maxatawny's Planning Commission agenda this Thursday night at 6:30pm on KU's campus in the Academic Forum. They are expecting a crowd, let's show them a crowd!*
>
> *C&B Development submitted a NEW third plan with changes……this company has done everything it can to get this under the radar- showing up when the students arent present, when folks are most likely to be on vacation, asking for a extension till October whatever BS they can think of…..All warehouse developers who have plans at the township are scrambling to get these through before the new supervisor is sworn into office In January.*

https://www.facebook.com/groups/479129766261367/permalink/1381637729343905/?app=fbl

---

[4] Please note, by interceding on behalf of these KU students, demanding they be recognized, speaking on their and other community members behalf, and interacting with the Township as their representative, she is and has been engaging in the unauthorized practice of law. *See,* Pennsylvania Bar Association Unauthorized Practice of Law Committee, Formal Opinion 99-101.  Pennsylvania Bar Association (pabar.org). A copy of this Complaint is being sent to the Bar's Committee, along with examples of her posts and a request that she be investigated for the Unauthorized Practice of Law consistent with this Formal Opinion.

24.     Neither she, Wilson, nor any KU student, nor any of the other "concerned" and "uncensored" Kutztown residents have standing to challenge or otherwise derail the redevelopment of this Property.

25.     More importantly, students and general members of the community do not have standing to participate in this hearing.  As was noted in *Pascal v. City of Pittsburgh Zoning Bd. of Adjustment*, 2020 Pa. Commw. Unpub. LEXIS 569, *14-16

> The term "aggrieved" in the zoning context is used to reference whether a party has standing to appeal a zoning decision.

*Id., citing Spahn*, 977 A.2d at 1149; *Pittsburgh Tr. for Cultural Res. v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 145 Pa. Commw. 503, 604 A.2d 298, 301-02 (Pa. Cmwlth. 1992). [5]

26.     Section 11002.1-A(c) of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. § 11002.1-A(c)6 (emphasis added), states that:

> "[a]ppeals under this section shall only be permitted by an [*15]  aggrieved person who can establish that reliance on . . . the challenged decision resulted or could result in a use of property that directly affects such person's substantive property rights."

*Id, citing*, Code, § 923.02.H (emphasis added).

27.     This means, to have Standing to participate in these hearings, the Township must require any person seeking to "object" or "disrupt" or otherwise participate in these proceedings to show:

(1) they have a direct interest in such adjudication, and that such interest be substantial; and

(2)  a showing of harm to that direct substantial interest" if the Property is developed in accordance with Township Code.

---

[5] Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, which applies to appeals from a Board adjudication, provides that "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom . . . ." (Emphasis added.)

*Id., citing Pittsburgh Tr. for Cultural Res.*, 604 A.2d at 301-02 (internal quotation marks and citation omitted). "A substantial interest is one in which there is some discernible adverse effect to some interest other than the abstract interest of all citizens in having to comply with the law." *Id.* at 303 (internal quotation marks and citation omitted, emphasis added). To be a direct interest, the party must show "that the matter complained of cause[d] harm to the party's interest." *Id.* (emphasis added). [*16].

28.     As confirmed in *Scenic Phila. v. Zoning Bd. of Adjustment,* Pennsylvania Common Pleas Court, Philadelphia County, Civil Division|Apr 13, 2015|2015 Phila. Ct. Com. Pl. LEXIS 107, being the town Gadfly or a transient student resident or an ordinary taxpayer does not cut the mustard:

> *"Aggrieved persons" do not include taxpayers that are not detrimentally harmed by the decision of the hearing board. Even so, civic associations must show specific facts demonstrating that they would be aggrieved by the decision.*

Id. "To establish 'aggrieved' status for purposes of standing, a party must have a substantial, direct, and immediate interest in the claim sought to be litigated." *Shipman v. South Hanover Twp. Zoning Hearing Bd.*, 2019 Pa. Commw. Unpub. LEXIS 551, *5-6, citing *In re Appeal of Broad Mt. Dev.Co.*, 17 A.3d 434, 440 (Pa. Cmwlth. 2011).

29. And,

> *"[i]n order to have a substantial interest, there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law."*

Id. "The requirement that an interest be 'direct' simply means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains." *Id., citing William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269, 282 (Pa. 1975).

30.     In order to qualify as "immediate," an interest may not be "a remote consequence of the judgment." *Id., citing In re Broad Mountain Dev. Co., LLC*, 17 A.3d at 440. Further, "the party's interests must be *immediately* affected by a decision." *Id, citing, ACS Enters., Inc.*, 659 A.2d at 654 (emphasis in original) (citing [*6] *Empire Coal Mining & Dev., Inc. v. Dep't of Envtl. Res.*, 154 Pa. Commw. 296, 623 A.2d 897 (Pa. Cmwlth. 1993)).

31.     Moreover, "[a] person has standing where he has suffered or will suffer 'injury in fact' and the interest he seeks to protect is arguably within the zone of interest sought to be protected or regulated by the statute or constitutional guarantee in question." *Id., citing In re Broad Mountain Dev. Co., LLC*, 17 A.3d at 440 (quoting *William Penn Parking*, 346 A.2d at 284 n.23).

32.     Thus, "a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing … ." Id. citing *William Penn Parking*, 346 A.2d at 280.

33.     On August 31, 2023, Plaintiff wrote the Township, outlining all of this and that they have a Constitutional Right to a fair, unbiased, and expedient review of these Conditional Use Application, and asked it to establish – up front:

    (1) the right to develop this Property in accordance with the Township Code;

    (2) the right to a fair and unbiased review of the development plans as against the Township Code; and,

    (3)  the right to a fair, timely review hearing absent disruption by persons who lack Standing by requiring any such person, prior to being recognized, to establish:

    (a) a "substantial, direct, and immediate property interest",

    (b) that will be negatively affected by a use statutorily deemed to be consistent with the Township's overall health, safety and welfare,

    (c) causing actual injury in fact to that property interest.

34.     In response, before the ink was dry, Chris Paff – in his capacity as Zoning Officer, acting in concert with Supervisor Deplanque, Steve Wilson, and Janna Gregonis – who crowed about it all over social media, took action to prevent a review of the plans that was set for 9.7.23 based upon a ludicrous assertion that the intended ingress and egress – directly across from another roadway, requires a variance.

35.     The Township Zoning Officer, Chris Paff, has applied Township Code discrimitorily in his August 31, 2023 Zoning Determination Letter (See Declaration of Steve Walsh, P.E., Exhibit 1 hereto – incorporated herein as though set-forth in complete detail below)

36.     The reason this Project's conditional use hearings have been delayed is because Paff determined that our proposed road A is a use for the warehouse and is located in the 500 ft residential buffer which means we need a zoning variance to continue.

37.     The Prologis plan Paff is signing off on, versus the determination in this case has a Hilltop Road proposed to extend through a required 500' buffer.

38.     AND, a Hottenstein Rd is realigned/relocated to improve the development yield while extending through two 500' buffers at the top and bottom of the exhibit.

*39.*     To state a substantive due process claim under § 1983, "a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Woodwind Estates, Ltd. v. Gretkowski,* 205 F.3d 118, 123 (3d Cir. 2000). *Assocs. in Obstetrics & Gynecology v. Upper Merion Twp., 270 F. Supp. 2d 633, 655*

40.     Use and enjoyment of property are interests protected by substantive due process. *DeBlasio v. Zoning Bd. of Adjustment,* 53 F.3d 592, 600-01 (3d. Cir. 1995). *Assocs. in Obstetrics & Gynecology v. Upper Merion Twp., 270 F. Supp. 2d 633, 655*

10

*41.*    This interest applies to leaseholds as well as ownership. *See Niederhiser v. Berwick*, 840 F.2d 213, 218 (3d Cir. 1988) (finding a violation of due process in a zoning dispute where a municipality interfered with a lessee's enjoyment of property); *American Fabricare v. Township of Falls*, 101 F. Supp. 2d 301, 309 (E.D. Pa. 2000) (applying substantive due process analysis to lessee's claim). Substantive due process also protects the right "to contract, to operate a business, and to engage in the livelihood of one's choice, free from state interference." [**64]  *Palma v. Lansdale,* 1991 U.S. Dist. LEXIS 7179, No. CIV.A.89-4647, 1991 WL 91557, at *7 (E.D. Pa. May 28, 1991) (*citing Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S. Ct. 625, 67 L. Ed. 1042 (1923)). *Assocs. in Obstetrics & Gynecology v. Upper Merion Twp., 270 F. Supp. 2d 633, 655*

42.    The Third Circuit has held that land use issues are of significant and particularly local concern. *Chez Sez III Corp. v. Township of Union,* 945 F.2d 628, 633 (3d Cir. 1991), *cert. denied,* 503 U.S. 907, 117 L. Ed. 2d 493, 112 S. Ct. 1265 (1992).

*43.*    However, the Third Circuit has also held [**42]  federal civil rights claims do not necessarily yield to state land use policies when there are allegations that the land use officials have conspired to destroy the plaintiff's constitutional rights to conduct legitimate business, and stated: "If it is an unlawful conspiracy like the one alleged here, the mere presence of land use issues should not trigger a mechanical decision to abstain." *Assocs. in Obstetrics & Gynecology v. Upper Merion Twp., 270 F. Supp. 2d 633, 655, citing Heritage Farms*  671 F.2d at 748 n.9.

*44.*     Herein – as within *Assocs. in Obstetrics*, Plaintiff's federal complaint is based on the Defendants' allegedly unlawful course of conduct and does not challenge the legality of any ordinance.

*45.*     The policies embodied in the Municipalities Planning Code are not being attacked - it is rather the application of those policies by a single township that is at issue.  <u>Assocs. in Obstetrics & Gynecology v. Upper Merion Twp., 270 F. Supp. 2d 633, 648-649.</u>

## COUNT 1
### Civil Conspiracy

46.     All proceeding paragraphs are incorporated herein as though set forth in complete detail below.

47.     Deplanque – along with Wilson, Gregonis, and Paff have – in fact, acted to prevent the orderly and timely review of this Project.

48.     They have notified township officials and personnel – and publicly posted, a stated intent to delay this project until January 2024 when a new Board of Supervisors is sworn in giving Deplanque the majority he needs to control the Board.

49.     Moreover, this conspiracy predates the subject Plan's submission and goes as far back as when Wilson was gifting a Rolls Royce to his father that appears to have come from the interested developer who holds 70,000 of capacity *vis a vis* illegal capacity agreements negotiated by his attorney and the Township's then solicitor – one in the same.

50.     Paff, for his part, is tightly aligned with Gregonis and, working with Wilson, has – Under the Color of Law, created every roadblock imaginable to prevent fair review.

## COUNT II
### Constitutional Due Process Violations

51.     All proceeding paragraphs are incorporated herein as though set forth in complete detail below.

52.     The motivating factor behind Defendants actions is not to enforce Township Code but, instead, to prevent approval of Plans which plainly meet every condition for a use as of right.

12

53.     Paff and Deplanque's actions shock the conscience in that they go directly against their sworn oaths and constitute Honest Services Fraud.

54.     So too the Zoning Hearing Board who not only oversees Paff but whose leadership has also indicated they will do everything possible to delay and stall the plan pending reformation in 2024.

55.      Allegations of enforcing zoning regulations with the intent to harm Plaintiffs' business interests and to restrict their lawful use of property states a claim that shocks the conscience. Assocs. in Obstetrics & Gynecology v. Upper Merion Twp., 270 F. Supp. 2d 633, 655-656 ("conduct intended to injure in some way unjustifiable by any governmental interest is the sort of official action most likely to rise to the conscience-shocking level.").

56.     The Due Process Clause encompasses a guarantee of fair procedure. *Zinermon v. Burch,* 494 U.S. 113, 125, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990).

57.     This "fair procedure" that the Due Process Clause guarantees is embedded in Pennsylvania law in 53 P.S. § 10908(5).

58.     In examining this statute, it is clear that "the legislature in the use of the word 'shall' in both the introductory paragraph and subparagraph (5) of [53 P.S. § 10908] made it mandatory that in all hearings before a [**76] zoning hearing board the parties are entitled, as a matter of due process to, and to a fair and impartial, timely process. *Appeal of Little Britain Tp.,* 651 A.2d 606, 615 (Pa. Commw. Ct. 1994) (reversing decision of Court of Common Pleas which affirmed zoning hearing board's decision and dismissed plaintiff's appeal of zoning officer's enforcement notice).

59.     All actions taken herein by Paff, the Township, and the Township Zoning Board were undertaken under the Color of Law after conspiring with individuals not affiliated with the Township and/or Paff and Deplanque in their individual capacities.

60.     Thus, Plaintiffs have pled facts sufficient to support a substantive due process claim for deprivation of property rights.  Garcia v. Wind Creek Bethlehem, LLC, 2022 U.S. Dist. LEXIS 163655, *14-15

**COUNT II**
**Constitutional Equal Protection Violations**

61.     All proceeding paragraphs are incorporated herein as though set forth in complete detail below.

62.     By Plaintiff alleging that Defendants' actions shocked the conscience with respect to the due process claims, Plaintiffs have plainly alleged arbitrary and capricious state action.

63.     In the context of this case, a finding that Plaintiff has adequately pled a substantive due process violation also satisfies the elements of an equal protection claim. Assocs. in Obstetrics & Gynecology v. Upper Merion Twp., 270 F. Supp. 2d 633, 658-659, citing  [**73] *P.L.S. Partners*, 696 F. Supp. at 798 (finding an equal protection [*659]  violation "for essentially the same reasons" as a due process violation).

64.     As Plaintiff has alleged conduct that Defendants' actions shocked the conscience with respect to the due process claims, Plaintiffs have alleged arbitrary and capricious state action.

65.     Plaintiffs have also alleged that the Township treated its Project differently than an other similarly situated project.

66.     Thus, even under a rational basis review, Plaintiffs have stated an equal protection claim because the selective enforcement herein was arbitrary and unrelated to any legitimate governmental interest.

## COUNT III
## Declaratory Judgment

67.     All proceeding paragraphs are incorporated herein as though set forth in complete detail below.

68.     Plaintiff requests the court to enter a declaratory judgment on Count I and II of his Complaint.

69.     "The Declaratory Judgment Act allows a party to request a federal court, in a 'case of actual controversy within its jurisdiction,' to declare its rights and other legal relations, whether or not it will, or could, seek further relief." *ITT Indus., Inc. v. Pac. Employers Ins. Co.*, 427 F. Supp. 2d 552, 560 (E.D. Pa. 2006) (citing 28 U.S.C. § 2201(a)).

70.     Herein, Plaintiff seeks Declaration that:

a.     The intended Project is a use as of right under Township Code;

b.     The intended Project meets each condition under Township Code to be developed as of right;

c.     Therefore, the intended Project is entitled to a timely review by a Neutral Engineer to confirm of record each Condition to Use is met.

d.     To have Standing, someone must show they have a direct interest in such adjudication, and that such interest be substantial; and a showing of harm to that direct substantial interest" if the Property is developed in accordance with Township Code. *Pascal v. City of Pittsburgh Zoning Bd. of Adjustment*, 2020 Pa. Commw. Unpub. LEXIS 569, *14-16 (Students and general members of the community do not have standing to participate in this hearing), *citing Pittsburgh Tr. for Cultural Res.*, 604 A.2d at 301-02 (internal quotation marks and citation omitted);

e.     That because the intended project is a use as of right under the Township Code, it is statutorily deemed to be consistent with the Township's overall health, safety and welfare. *Chester County Pub. Safety Training Found. v. Bd. of*

*Supervisors (In re Land Use Appeal of Chester County Pub. Safety Training Found.),* 2010 Pa. Dist. & Cnty. Dec. LEXIS 588. (C.C.C.P. 2010)(a use that fits within the municipality's zoning scheme is presumptively consistent with the health, safety and welfare of the community), *citing,.* 53 P.S. § 10603(c)(2); *LTS Development, Inc v. Middle Smithfield Twp. Bd. of Supervisors,* 862 A.2d 686, 688 (Pa. Cmwlth. 2004), citation omitted, *See also, In re Cutler Grou*p, 880 A.2d 39, 43 (Pa. Cmwlth. 2006); *Bailey v. Upper Southampton Twp.*, 690 A.2d 1324, 1326 (Pa. Cmwlth. 1997) (citing Robert S. Ryan, Pennsylvania Zoning Law & Practice § 5.2.5)(denial of a conditional use requires proof that its allowance poses a greater risk than normally follows approval of similar uses.);

  f.  Therefore, a showing of the requisite harm cannot be made.


## PRAYER FOR RELIEF

  WHEREFORE, Plaintiff prays that this Court enter Injunctive Relief, judgment for compensatory and consequential damages against the Individual Defendants in an amount to be proven at trial, the costs of this action, pre and post judgment interest, and any further relief allowed by law.


Dated: October 6, 2023

            Respectfully filed electronically
            via CM/ECF.

            Baker Law Group, LLC

            By: /s/ Joseph A. O'Keefe, Esq.
            Joseph A. O'Keefe, Esq.
            Pa. Bar I.D. #77068
            CO Bar I.D. #52229
            7035 Campus Drive, Ste 702
            Colorado Springs, CO 80920
            Office ☎ (719) 600-5450
            Joseph@Jbakerlawgroup.com