UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

NICHOLAS PRIKIS and            :
SOPHIE PITTAS,                  :
          Plaintiffs,        :
                                 :
          v.                :     No. 5:23-cv-3901
                                 :
MAXATAWNY TOWNSHIP;       :
JOHN DEPLANQUE; CHRIS PAFF;   :
STEVE D. WILSON; JANNA GREGONIS; :
and MAXATAWNY TOWNSHIP     :
ZONING HEARING BOARD;       :
          Defendants.      :

_____

**O P I N I O N**
**Plaintiffs' Motion for Mandamus Relief, ECF No. 26 – Dismissed and Denied**
**Wilson's Motion to Dismiss, ECF No. 34 - Granted**
**Township Defendants' Motion to Dismiss, ECF No. 37 - Granted**
**Gregonis's Motion to Dismiss, ECF No. 38 - Granted**

**Joseph F. Leeson, Jr.**                                 **August 20, 2024**
**United States District Judge**

## I.     INTRODUCTION

This case arises out of disagreements between the owners of land under contract for sale to a developer, who filed zoning applications pertaining to the property, and the township reviewing the zoning applications. The landowners feel that the township has not been fair in its zoning hearings, which faced several delays, and therefore sued the Township, the Township's Zoning Hearing Board, one of the Township's supervisors, a Zoning Officer, a former member of the Township's Municipal Authority, and a professor at Kutztown University who spoke out against the development plans and zoning applications. Defendants have filed motions to dismiss, which are granted for the reasons set forth below.

## II.     BACKGROUND

### A.     Procedural History

Plaintiffs Nicholas Prikis and Sophie Pittas filed a complaint on October 6, 2023, with respect to the "fair and timely review" of the zoning applications for the development of their property.  *See* ECF No. 1.  On November 24, 2023, in response to a Motion to Dismiss, *see* ECF No. 19, Plaintiffs filed an Amended Complaint, *see* ECF No. 24.  The Amended Complaint brings seven claims: civil conspiracy, due process violations, equal protection violations, declaratory judgment, unlawful takings, tortious interference as to the individual defendants only, and private inurement.  *See id.*

The same day as they filed an Amended Complaint, Plaintiffs also filed a Motion for Preliminary Preemptory Judgment and Mandamus.  *See* Mandamus, ECF No. 26; Mandamus Exs., ECF No. 27.  Plaintiffs seek mandamus relief in the form of an order declaring Plaintiffs are entitled to develop their property and no one may interfere with Plaintiffs' project, and a finding that the Township's processes are arbitrary and unduly restrictive.  *See id.*  The Township Defendants oppose the motion.  *See* Mandamus Resp., ECF No. 39; *see also* Mandamus Reply, ECF No. 40.

On November 30, 2023, the case was reassigned from the late Honorable Edward G. Smith to the Undersigned.  *See* ECF No. 29.

Defendant Steve D. Wilson and Defendant Janna Gregonis have separately filed Motions to Dismiss the Amended Complaint. *See* Wilson Mot., ECF Nos. 34, 36; Gregonis Mot., ECF No. 38.  Defendants Maxatawny Township, Maxatawny Township Zoning Hearing Board, John Deplanque, and Chris Paff ("Township Defendants") have also filed a Motion to Dismiss the Amended Complaint.  *See* Twp Mot., ECF No. 37.  Plaintiffs filed a response in opposition to all

the Motions to Dismiss.  *See* Opp., ECF No. 42.  *See also* Wilson Reply, ECF No. 44.  Plaintiffs

have since filed five notices of recent material facts.  *See* ECF Nos. 43, 46-49.

      **B.**    **Factual Allegations in the Amended Complaint[1]**

      Plaintiffs Nicholas Prikis and Sophie Pittas are owners of a parcel of land in Maxatawny

Township, Berks County.  *See* Am. Compl. ¶ 7, ECF No 24.  The land is under contract for sale

for development, which would include connecting the property to the sewer system.  *Id.* at ¶¶ 7,

14, 18–19.  Without a proper sewer connection, the Pennsylvania Department of Environmental

Protection will not allow for an expansion to Plaintiffs' property. *Id.* at ¶ 16.  The Developer's

Conditional Use Application is currently pending before Defendant Maxatawny Township

Zoning Hearing Board (the "Board").  *Id.*

      Plaintiffs allege Defendant "Maxatawny Township is unable and/or unwilling to

establish/ensure the subject Conditional Use Application receive a fair and unbiased review, free

from the disruption caused by opponents' intent on 'shutting down' the hearing process."  *Id.* at ¶

19.  One of the Township supervisors, Defendant John Deplanque, has declared that he does not

support the project and will vote against it. *Id.* at ¶ 21.  Deplanque allegedly conspired with

Defendant Steve D. Wilson, a former member of Maxatawny Township's Municipal Authority,

with Defendant Janna Gregonis, a professor at Kutztown University, and with Defendant Chris

Paff, the Township's Zoning Officer, "to prevent any semblance of a fair and timely review of

the project by encouraging participation, comments, and objections" from other persons to shut

down the hearings.  *See id.* at ¶¶ 3, 5, 6, 20, 24.  As as "example," Plaintiffs cite to Gregonis's

---

[1]     After the filing of the Amended Complaint and pending Motions to Dismiss, Plaintiffs
filed five notices of recent material facts.  *See* ECF Nos. 43, 46-49.  However, in determining
whether to grant or deny the Motions to Dismiss, this Court considers Plaintiffs' factual
allegations contained in the Amended Complaint.  Plaintiffs' supplemental factual allegations are
relevant only to whether an amendment would be futile as to any claim that is dismissed.

social media calling for students to fill the zoning hearing rooms to demonstrate the student body's objection to the project. *Id.* at ¶ 25.

On August 31, 2023, Plaintiffs wrote the Township, outlining their complaints and asserting they "have a Constitutional Right to a fair, unbiased, and expedient review of the[] Conditional Use Application." *Id.* at ¶ 35. Allegedly in "response, . . . Chris Paff – in his capacity as Zoning Officer, acting in concert with Supervisor Deplanque, Steve Wilson, and Janna Gregonis . . . took action to prevent a review of the plans" set for September 7, 2023, by asserting that the intended ingress and egress requires a variance. *Id.* at ¶ 36. Paff, applying Township Code, determined that Plaintiffs required a variance for their proposed road A because it "is located in the 500 ft residential buffer." *Id.* at ¶¶ 36–38.

Plaintiffs allege that Defendants conspired "to rework the Township's septic lines preventing Plaintiff's property from being connected" to reengineer the sewer system so that it would better service a property adjacent to Plaintiffs' property. *Id.* at ¶¶ 5, 14. Plaintiffs allege "this conspiracy predates the subject Plan's submission and goes as far back as when Wilson – fresh out of bankruptcy, was gifting a Bentley to his father that appears to have come from the same interested developer who holds 70,000 of capacity vis a vis illegal capacity agreements negotiated by his attorney and the Township's then solicitor." *Id.* at ¶ 51.

### C.    Supplemental Factual Allegations

Since the filing of the Amended Complaint and Motions to Dismiss, Plaintiffs have filed five notices of recent material facts. *See* ECF Nos. 43, 46-49. In sum, a new Zoning Hearing Board was appointed in January 2024, which denied the variance application and the Conditional Use Application on January 4, 2024. *See* ECF No. 43. Maxatawny Township, allegedly in an attempt to deprive Plaintiffs of their constitutional rights, have proposed amendments to the Township's Zoning Ordinance that allegedly "targets and prohibits the exact project C&B has

4

been attempting to obtain." *See* ECF No. 46 at ¶¶ 4, 9; ECF No. 47.  On April 8, 2024, the

Developer filed for appointment of a Board of View due to the actions of Defendants, which the

Berks County Court of Common Pleas issued.  *See* ECF No. 48.  In May 2024, Defendant Paff

issued two (2) citations to Plaintiffs for failing to restore the former trailer park to farmland,

assessing daily fines.  On July 18, 2024, Paff slapped Stop Work Orders against the property and

issued further threats.  *See* ECF No. 49 at ¶¶ 5, 7.  There is ongoing litigation in the Berks

County Court of Common Pleas pertaining to these matters.  *See* ECF Nos. 48-49.

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss, Rule 12(b)(6) - Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche

Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if

"the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff

stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint,

exhibits attached to the complaint, matters of public record, as well as undisputedly authentic

documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*,

605 F.3d 223, 230 (3d Cir. 2010). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (holding that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in the complaint may be considered" (internal quotations omitted)).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B.      Preliminary Injunction - Review of Applicable Law

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted).  "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).  "The court need only determine that the moving party would likely succeed on at least one claim to issue injunctive relief." *Arrowhead Gen. Ins. Agency, Inc. v. Lincoln Gen. Ins. Co.*, No. 1:16-CV-1138, 2016 U.S. Dist. LEXIS 83492, at *16 n.4 (M.D. Pa. June 28, 2016).  *See also Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990) ("The applicable Federal Rule does not make a hearing a prerequisite for ruling on a preliminary injunction.").  "In defining irreparable harm, it is not enough to establish a risk of irreparable harm, rather, there must be a clear showing of immediate irreparable injury" and "it

must be so peculiar in nature that money cannot compensate for the harm." *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

### C.     Mandamus and Peremptory Judgment – Review of Applicable Law

"Under Pennsylvania common law,[2] '[m]andamus is an extraordinary writ which will issue to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy.'" *Glen Riddle Station, L.P. v. Middletown Twp.*, No. 21-286, 2021 U.S. Dist. LEXIS 56466, at *14-16 (E.D. Pa. Mar. 25, 2021) (quoting *Shaler Area Sch. Dist. v. Salakas*, 432 A.2d 165, 168 (Pa. 1981) (cleaned up)). "Peremptory judgment in a Pennsylvania mandamus action is appropriate if, when construing all disputed facts in favor of the defendant 'there exists no genuine issue of fact,' 'the case is clear and free from doubt,' and the right of the plaintiff thereto is clear.'" *Id.*

### D.     Section 1983 claims – Review of Applicable Law

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The first step for the court analyzing a claim under § 1983 "is to identify the exact contours of the underlying right said to have been violated." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). The court must determine "whether the plaintiff has alleged a

---

2       Federal mandamus relief is not at issue here because Defendants are not federal employees. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")

deprivation of a constitutional right at all." *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Id.*).  Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted).  The court must also determine whether a defendant is acting under color of state law, i.e., whether the defendant is a state actor, which depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  Additionally, a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  A supervisory defendant may be liable under 42 U.S.C. § 1983 if the defendant, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the plaintiff's] constitutional harm." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989).

> **E.**     **Due Process Claims – Review of Applicable Law**

"The touchstone of due process is the protection of the individual against arbitrary action of the government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

### 1.    Substantive Due Process – Review of Applicable Law

To state a claim for a violation of substantive due process rights, a plaintiff must show: (1) the interest at issue is protected by the substantive due process clause; and (2) "the government's deprivation of that protected interest shocks the conscience." *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018).  As to the second element, the defendant's conduct "must exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed 'shocks the conscience.'" *Miller v. City of Phila.*, 174 F.3d 368, 375-76 (3d Cir. 1999).  "'[O]nly the most egregious official conduct' violates substantive due process." *J.R. v. Lehigh Cty.*, 534 F. App'x 104, 108 (3d Cir. 2013) (quoting *Miller*, 174 F.3d at 375 ("To generate liability, executive action must be so ill-conceived or malicious that it 'shocks the conscience.'")).

### 2.    Procedural Due Process – Review of Applicable Law

To state a claim for deprivation of procedural due process rights, a plaintiff must allege: (1) the deprivation of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available did not provide "due process of law." *See Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).  As to the second element, the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Additionally, to assert a procedural due process claim against a state actor, the plaintiff "must, at a minimum, prove recklessness or 'gross negligence' and in some instance may be required to show a 'deliberate decision to deprive' the plaintiff of due process.'" *Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 238 (3d Cir. 2013) (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1277 (3d Cir. 1994)).  A "state may cure a procedural deprivation by providing a later

procedural remedy." *Bonilla v. City of Allentown*, 359 F. Supp. 3d 281, 297 (E.D. Pa. 2019) (referencing *Marchionni v. SEPTA*, No. 98-6491, 2000 WL 730348, at *2 (E.D. Pa. June 7, 2000)).

### F.   Equal Protection Claims – Review of Applicable Law

To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, the plaintiff must establish: (1) the existence of purposeful discrimination; and (2) the defendant's personal involvement in this discrimination. *See Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citing *Andrews v. Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)). The plaintiff must show that any disparate treatment was based upon his or her membership in a protected class (race, gender, etc.). *See id.* Under a "class of one" theory, "a plaintiff states a claim for violation of the Equal Protection clause when he 'alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Hill*, 455 F.3d at 239 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'" *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). At the motion to dismiss stage, the plaintiff "must allege facts sufficient to make plausible the existence of such similarly situated parties." *See Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011).

### G.   Unlawful Taking Claims – Review of Applicable Law

"The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth, provides that private property shall not be taken for public use, without just compensation." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005) (internal citations omitted). Similarly, the Pennsylvania Constitution states: "nor shall private property be taken or

applied to public use, without authority of law and without just compensation being first made or secured."  Pa. Const. Art. I, § 10.

"A plaintiff must first 'seek compensation through the procedures the State has provided for doing so' before asserting a federal takings claim."  *Chainey v. Street*, 523 F.3d 200, 222 (3d Cir. 2008) (quoting *Williamson*, 473 U.S. at 194-95 (reasoning that the Takings Clause does not prohibit the mere taking of private property; rather, it prohibits "taking without just compensation").  However, under Pennsylvania law, a property owner may bring an action to obtain just compensation for a de facto taking.  *See Munoz v. City of Phila.*, No. 05-5318, 2006 U.S. Dist. LEXIS 5174, at *13 (E.D. Pa. Feb. 10, 2006).  "The de facto taking concept allows parties to recover where governmental action, while falling short of a physical invasion or appropriation, interferes with property rights to the extent that compensation is required under the United States Constitution."  *PBS Coals, Inc. v. DOT*, 244 A.3d 386, 396-98 (Pa. 2021) (citing *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001)).  "A de facto taking occurs when an entity clothed with the power of eminent domain has, by even a non-appropriative act or activity, substantially deprived an owner of the beneficial use and enjoyment of his property."  *Munoz*, 2006 U.S. Dist. LEXIS 5174, at *13 (internal citations and quotations omitted).  The Pennsylvania Supreme Court established "the following three conditions for determining that state or governmental action does not constitute a taking requiring just compensation: 1) the interest of the general public, rather than a particular class of persons, must require governmental action; 2) the means must be necessary to effectuate that purpose; 3) the means must not be unduly oppressive upon the property holder, considering the economic impact of the regulation, and the extent to which the government physically intrudes upon the property."  *United Artists' Theater Circuit v. City of Phila.*, 635 A.2d 612, 618 (Pa. 1993).  The third element encompasses exclusionary ordinances.  "De facto exclusion exists where an ordinance permits a use on its

face, but when applied acts to prohibit the use throughout the municipality." *APT Pittsburgh Ltd. Pshp. v. Penn Twp. Butler Cty.*, 196 F.3d 469, 475-76 (3d Cir. 1999) (internal quotations omitted). "Where a de facto taking is alleged, the property owner bears a heavy burden of proof and must show that exceptional circumstances exist which substantially deprive him of the use of his property and further, that this deprivation is the direct and necessary consequence of the actions of the entity having the eminent domain power." *Holmes Prot. of Pittsburgh, Inc. v. Port Auth. of Allegheny Cty.*, 495 A.2d 630, 632 (Pa. Commw. 1985).

### H.    Conspiracy claims – Review of Applicable Law

To state a civil conspiracy claim under Pennsylvania law, a plaintiff must show "that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979). "Proof of malice, *i.e.*, an intent to injure, is essential in proof of a conspiracy." *Id.*

"To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). To assert a prima facie claim of conspiracy, a plaintiff must plausibly allege facts that show: (1) "a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose;" (2) "an overt act done in pursuance of the common purpose;" and (3) "actual legal damage." *Schlichter v. Limerick Twp.*, No. 04-CV-4229, 2005 U.S. Dist. LEXIS 7287, at *31 (E.D. Pa. Apr. 26, 2005). "The plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Fin. Planning Org.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992). A complaint must allege particular and exacting

facts that demonstrate the "period of the conspiracy, object of the conspiracy, and certain other actions of the alleged conspirators to achieve the purpose." *Id.* (quoting *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000)); *Chruby v. Kowaleski*, 534 F. App'x 156, 160 (3d Cir. 2013) (holding that a plaintiff must allege facts that plausibly suggest a meeting of the minds).

## I.      Tortious interference claims – Review of Applicable Law

Pennsylvania law requires that a claim for tortious interference with contract include facts averring four elements: "(1) a contractual or prospective contractual relationship existed between plaintiff and a third party; (2) defendant took purposeful action, intended to harm that relationship; (3) that no privilege or justification applies to the harmful action; and (4) damages resulted from the defendant's conduct." *E. Rockhill Twp. v. Richard E. Pierson Materials Corp.*, 386 F. Supp. 3d 493, 501–02 (E.D. Pa. 2019).  There are several factors courts look at when determining the intent and purpose of the defendant's actions. These are:

(a) the nature of the actor's conduct,
(b) the actor's motive,
(c) the interests of the other with which the actor's conduct interferes,
(d) the interests sought to be advanced by the actor,
(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
(f) the proximity or remoteness of the actor's conduct to the interference and
(g) the relations between the parties.

*Newtek Small Bus. Fin., LLC v. Texas First Cap., Inc.*, 644 F. Supp. 3d 113, 122 (E.D. Pa. 2022).

## J.      Supplemental Jurisdiction - Review of Applicable Law

Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim. . . if . . . [it] has dismissed all claims over which it has original jurisdiction."  "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  In deciding whether to exercise supplemental

jurisdiction, the district courts should consider factors such as judicial economy, convenience, and fairness to litigants. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if these [factors] are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them"). The United States Supreme Court has further advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.*

## IV.    ANALYSIS

### A.    All claims against the Maxatawny Township Zoning Hearing Board are dismissed with prejudice.

In their Motion to Dismiss, the Township Defendants state that a zoning hearing board is an independent, quasi-judicial body of a municipality, which performs fact-finding and deliberative functions similar to that of a court. *See* Twp Mot. ¶ 27 (citing *Kennedy v. Upper Milford Twp. Zoning Hearing Bd.*, 834 A.2d 1104, 1114 (Pa. 2003)). They assert that a "zoning hearing board is an entity separate and apart from a township's governing body (here, the Board of Supervisors)." *See id.* ¶ 28 (citing *Cossell v. Connellsville Twp. Bd. of Supervisors*, 747 A.2d 977, 978 (Pa. Cmwlth. 2000)). The Township Defendants argue that because the "Amended Complaint does nothing more than identify the Township Zoning Hearing Board as a party[;] Plaintiffs have therefore failed to plead any viable claims against the Township Zoning Hearing Board. *See id.* ¶¶ 36-37. In response, Plaintiffs offer only a single sentence in opposition to this argument repeating their general theory of the case and citing generally to all allegations in the first five counts, one of which is not even against the Board. *See* Opp. 13-14.

The Amended Complaint, which barely mentions the Maxatawny Township Hearing Zoning Board, fails to state a claim against the Board. *See Rode*, 845 F.2d at 1207 (holding that a "defendant in a civil rights action must have personal involvement in the alleged wrongs" and

"[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity").  In the section identifying the parties, the Amended Complaint alleges that "The Maxatawny Township Zoning Hearing Board is a semi-judicial body, consisting of three members, all of whom are residents of the Township."  *See* Am. Compl. at ¶ 4.  The three members of the Board are never listed by name.  The only other mention[3] of the Maxatawny Township Zoning Hearing Board in the Amended Complaint appears under the due process count and alleges that the Board's "leadership has also indicated they will do everything possible to delay and stall the plan pending reformation in 2024."  *Id.* at ¶ 56.  There are no specific facts pled about when such comments were made or by whom; therefore, the allegation is not made with the required appropriate particularity.  Moreover, this statement alone is not conscience-shocking and there are no allegations that the Board ever took any action in furtherance of the statement.  All claims against the Board are therefore dismissed with prejudice.[4]

> ### B.   The due process claims are dismissed with prejudice.

The parties disagree as to whether Plaintiffs' due process claims were ripe at the time the Amended Complaint was filed because the Board had not yet made a final decision on the zoning applications pertaining to Plaintiffs' property.  *Cf., e.g. Ethan Michael, Inc. v. Union Twp. Bd. of*

---

[3]     *See also* Am. Compl. ¶ 61

[4]     The Township Defendants made an identical argument in their first motion to dismiss-that a zoning hearing board is an entity separate and apart from a township's governing body and that the Complaint is devoid of any reference to the Board other than identifying it as a party. *See* ECF No. 19.  Plaintiffs, who are represented by counsel, therefore had notice of their pleading deficiency but failed to include any additional factual allegations against the Board in the Amended Complaint.  They also failed to make any real opposition in their brief.  *See* Opp. 13-14.  Leave to amend would therefore be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that leave to amend "must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (holding that leave to amend may be denied "based on . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment").  The claims against the Board also fail for the reasons set forth below.

*Supervisors*, 108 F. App'x 43, 47 (3d Cir. 2004) ("[T]he Zoning Hearing Board … is poised to continue hearings to review the Application… Finality has not yet come to pass, in either form or substance, and suspicions and even educated guesses as to what will happen based on what has happened are simply not enough."), *with Cty. Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159, 166 (3d Cir. 2006) (determining that where a plaintiff alleged that the township "engaged in a campaign of harassment designed to force [it] to abandon its development of [an] industrial park, . . . no further appeals were necessary in order to have a ripe, final determination for a federal court to review" (discussing *Blanche Rd. Corp. v. Bensalem Twp.*, 57 F.3d 253, 267-68 (3d Cir. 1995)).  A final decision on the applications has since been made; thus, this Court focuses on whether Plaintiffs stated a due process claim irrespective of ripeness.

Plaintiffs do not have a viable procedural due process claim.  *See Toll Bros., Inc. v. Twp. of Charlestown*, No. 01-CV-1455, 2001 U.S. Dist. LEXIS 24225, at *16-17 (E.D. Pa. Nov. 28, 2001) (finding that the plaintiff, a real estate developer claiming that the township wrongfully denied approval of its proposed development, failed to state a procedural due process claim because Pennsylvania provides an adequate procedural mechanism to challenge the board's decision on a zoning ordinance).

Plaintiffs have also failed to state a substantive due process claim.  "Land-use decisions are matters of local concern and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives."  *UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392, 402 (3d Cir. 2003).  "Application of the 'shocks the conscience' standard in [land-use disputes] prevents [the federal courts] from being cast in the role of a 'zoning board of appeals.'"  *Id.*  "The 'shocks the conscience' standard encompasses 'only the most egregious official conduct.'"  *Id.* at 400 (quoting *Lewis*, 523 U.S. at 846).  In the absence of evidence "of corruption or self-dealing" or

"of some bias against an ethnic group," misconduct generally "does not rise sufficiently above that at issue in a normal zoning dispute to pass the 'shocks the conscience test.'"  *See Eichenlaub v. Twp. of Ind.*, 385 F.3d 274, 286 (3d Cir. 2004).

The Amended Complaint does not contain allegations that rise to the level of conscience-shocking.  Rather, it essentially alleges that certain Defendants dislike Plaintiffs' development plans and have called on the public to voice their opinions at the public zoning hearings and, also, that Plaintiffs disagree with Paff's determination that the Local Code requires a variance. These "are examples of the kind of disagreement that is frequent in planning disputes" and does not rise to the level of conscience-shocking behavior.  *See id.* (concluding that the plaintiff's allegation "that zoning officials applied subdivision requirements to their property that were not applied to other parcels; that they pursued unannounced and unnecessary inspection and enforcement actions; that they delayed certain permits and approvals; that they improperly increased tax assessments; and that they maligned and muzzled the [plaintiffs] . . . are examples of the kind of disagreement that is frequent in planning disputes" and does not rise to the level of conscience-shocking behavior); *Dotzel v. Ashbridge*, 306 F. App'x 798, 801 (3d Cir. 2009) (holding that mere disagreements about zoning or planning rules do not rise to the level of shocks the conscience).  Plaintiffs' conclusory allegations that Defendants intended to harm Plaintiffs' business interest and actively sought to delay the hearings are not supported by specific factual allegations and therefore also fail to state a claim.  *See Sauers v. Lower Southampton Twp*, 403 F. App'x 661, 664 (3d Cir. 2010) (finding that the plaintiff's conclusory allegation that the township's zoning decision was procured by fraud was insufficient to state a due process claim).

The due process claims are dismissed with prejudice.[5]

### C.     The equal protection claims are dismissed with prejudice.

Plaintiffs do not plead any facts from which to infer an equal protection violation outside

of a due process claim, which has been dismissed for failure to state a claim.  *See Eichenlaub*,

385 F.3d at 287 ("It may be very unlikely that a claim that fails the substantive due process test

will survive under an equal protection approach.").

Moreover, Plaintiffs do not allege that they are members of a protected class, or that

Defendants intended to discriminate on the basis of a protected class.  Rather, Plaintiffs allege

"that the Township treated its Project differently than another similarly situated project."  *See*

Am. Compl. ¶ 67.  However, the Amended Complaint is completely devoid of any allegations

"to make plausible the existence of such similarly situated parties."  *Perano*, 423 F. App'x at

---

[5]     The Township Defendants argued in their first motion to dismiss that the allegations do not shock the conscience.  *See* ECF No. 19.  Plaintiffs had notice of their pleading deficiency, but again failed to allege conscience-shocking behavior in the Amended Complaint.  Leave to amend is therefore denied.  *See Lorenz*, 1 F.3d at 1414 (holding that leave to amend may be denied "based on . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment").  Additionally, an amendment would be futile as evidenced by, *inter alia*, a letter the Township Defendants submitted showing the Developer asked that the zoning hearing on September 7, 2023, be continued and waived the right to a hearing within sixty (60) days on his Conditional Use Application, negating Plaintiffs' suggestion that the delay was solely attributable to Defendants.  *See* ECF No. 37-1.  Amendment as to Gregonis, who is admittedly not a state actor, is also futile because, for the reasons set forth below, Plaintiffs fail to state a claim for conspiracy.  *See Martinez v. Mathews*, No. 24-1431, 2024 U.S. App. LEXIS 15074, at *2 (3d Cir. June 21, 2024) (holding that "while a private actor can act 'under color of state law' for purposes of § 1983 by participating in a conspiracy with state officials, [the plaintiff] did not plausibly plead such a conspiracy" (internal citation omitted)); *Rollins v. Edrehi*, No. 23-CV-864, 2024 U.S. Dist. LEXIS 10389, at *10 (M.D. Pa. Jan. 19, 2024) ("[A]cts which private citizens may take and [] cannot be described as state action. Neither can comments at township meetings. . . .").  Notably too, Plaintiffs are actively pursuing their rights in the state court.  *See Halchak v. Dorrance Twp. Bd. of Supervisors*, 646 F. Supp. 3d 571, 590-91 (M.D. Pa. 2022) (concluding that the plaintiff failed to state a substantive due process claim because the defendants' conduct in relation to a zoning permit did not qualify as the "most egregious[; r]ather, this case presents the hallmarks of an admittedly contentious zoning dispute that should be resolved at the local, not federal level").

238.  Plaintiffs fail to identify the allegedly similarly situated project or offer any facts from which the Court can determine that the projects are alike "in all relevant aspects."  *See Joey's Auto Repair & Body Shop v. Fayette Cty.*, 785 F. App'x 46, 49 (3d Cir. 2019) (affirming dismissal of a "class of one" equal protection claim where the plaintiffs failed to allege specific examples of how the one identified business was similarly situated); *Smith v. McClendon*, No. 14-6358, 2015 U.S. Dist. LEXIS 58527, at *14 (E.D. Pa. May 4, 2015) ("Where a plaintiff fails to sufficiently identify the existence of such similarly situated parties, the plaintiff's class of one claim will fail.").  Plaintiffs also fail to allege that they were subjected to different treatment without a rational basis.  *See Eichenlaub*, 385 F.3d at 286-87 (explaining that while a "class of one can attack intentionally different treatment if it is irrational and wholly arbitrary, . . . [this] standard is doubtless difficult for a plaintiff to meet in a zoning dispute" (internal citations omitted)).  They fail to even allege how they were treated differently.  Plaintiffs therefore fail to state a claim for equal protection violations and these claims are dismissed with prejudice.[6]

> ### D.     The takings claims are dismissed without leave to amend.

The Amended Complaint alleges Defendants "actions, and inaction(s), as outlined above are a de facto, illegal Taking pursuant to 42 U. S. C. § 1983 and the Takings Clause of the Fifth Amendment."  Am. Compl. ¶ 73.  Defendants "actions – in conjunction with a non-profit, in

---

[6]     In their first motion to dismiss, the Township Defendants argued that the "sole paragraph related to an Equal Protection Claim is the conclusory averment that 'Plaintiffs have also alleged that the Township treated its Project differently than another similarly situated project.'"  *See* ECF No. 19 at ¶ 68.  Plaintiffs were therefore aware of the deficiencies in their pleading but again failed to allege sufficient facts to state an equal protection claim.  Leave to amend is therefore denied.  *See Lorenz*, 1 F.3d at 1414 (holding that leave to amend may be denied "based on . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment").  They also offer no argument in opposition to the Motions to Dismiss to suggest that an amendment would not be futile.  *See id.*; *Grayson*, 293 F.3d at 108.  Amendment as to Gregonis, who is admittedly not a state actor, is also futile because, for the reasons set forth below, Plaintiffs fail to state a claim for conspiracy.  *See Martinez*, 2024 U.S. App. LEXIS 15074, at *2.

denying the Property its' as designed and allocated sewer capacity, effectively shuttered a once thriving trailer park whose income stream once justified a valuation of over a million dollars." *Id.* ¶ 74.

The Township Defendants argue that such allegations fail to satisfy the *Iqbal-Twombly* pleading standards. *See* Twp Mot. 16. Plaintiffs respond that Paff's biased, unequal application of Township Code combined with the Township Defendants hearing delays "stripped Plaintiffs of their right to see the Property developed according to its deemed highest and best uses and, therefore, constitutes an unlawful taking." *See* Opp. 12-13. Plaintiffs also claim that the ordinance was exclusionary.

However, an ordinance is not exclusionary unless it effectively forecloses "all use," not simply the most desirable use. *See Miller & Son Paving v. Plumstead Twp.*, 717 A.2d 483, 485-86 (Pa. 1998). Similarly, a "taking does not result merely because a regulation may deprive the owner of the most profitable use of his property. Otherwise, all zoning regulations could be categorized as 'takings' in the sense that the owner is not completely free to use his property as he chooses." *See id.* at 485-86. Plaintiffs have therefore failed to meet their heavy burden to state a claim. *See APT Pittsburgh Ltd. Pshp.*, 196 F.3d at 477 (concluding that the plaintiff's claim of a *de facto* exclusionary ordinance failed because there was no evidence the land could not be used for other purposes). The takings claims are therefore dismissed without leave to amend.[7]

---

[7]      Leave to amend the claim under Pennsylvania law would be futile for two reasons: (1) there are other uses for the property, *see Miller & Son Paving*, 717 A.2d at 485-86, and (2) this Court declines supplemental jurisdiction. Supplemental jurisdiction is declined given the nature of the pleadings, the early stage of the case, and ongoing litigation in the state court. All federal claims, which are the basis of this Court's jurisdiction, have been dismissed with prejudice. Notably too, Plaintiffs do not seek declaratory judgment on the takings count so the Declaratory Judgment Act does not provide an independent basis for jurisdiction. *See* Am. Compl. ¶ 70.

E.     **The declaratory judgment count is dismissed with prejudice.**

The Amended Complaint asserts a separate count for "Declaratory Judgment;" but "declaratory judgment[] is a form of relief—not an independent cause of action." *Mader v. Union Twp.*, No. 2:20-CV-01138-CCW, 2021 U.S. Dist. LEXIS 162329, at *28 (W.D. Pa. Aug. 27, 2021) (citing *Chruby*, 534 F. App'x at 160 n.2 (explaining that "an injunction is a remedy rather than a cause of action, so a separate claim for injunctive relief is unnecessary")).  Count III is therefore dismissed with prejudice.

F.     **The private inurement count is dismissed with prejudice.**

The Amended Complaint asserts a separate count for "Private Inurement;" however, there is no such private cause of action.  In response to the Township Defendants' Motion to Dismiss this count, Plaintiffs concede that "Private Inurement . . . is not an intended independent cause of action."  *See* Opp. at footnotes 3, 5, 7.  Accordingly, Count VI is dismissed with prejudice.

G.     **The tortious interference claims are dismissed without leave to amend.**

Plaintiffs do adequately plead that they currently[8] have a prospective contractual relationship with a third party, the developer.  Whether Defendants took "purposeful action"

---

Leave to amend the claim under the Fifth Amendment would be futile because Plaintiffs did not first seek compensation through the state courts, thereby depriving this Court of jurisdiction.  *See Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 and n.13 (1985) (holding that a Fifth Amendment takings claim is not ripe if the landowner did not seek compensation through the procedures the State has provided for doing so because "no constitutional violation occurs until just compensation has been denied"); *Munoz*, 2006 U.S. Dist. LEXIS 5174, at *14-15 (dismissing the Fifth Amendment takings claim for lack of subject-matter jurisdiction because the plaintiffs had not sought compensation through available state procedures).

[8]     To the extent Plaintiffs allege that "Wilson—as far back as when he was on the Township's Municipal Authority, sold this Property's capacity out from underneath it…knowing the [property] would necessarily be required to be shut down without connection to the subject system," *see* Am. Compl. ¶¶ 76-80, there was no prospective contractual relationship in existence.  The remoteness of this action and the social interest in protecting a municipal employee's ability to do his job without fear of being sued also weigh against a finding that Wilson intended to harm Plaintiffs' prospective contractual relationship.

which was "designed to harm" the relationship between Plaintiff and this developer is less clearly averred. Plaintiffs aver that "*with published intent*, the individual Defendants have acted to prevent consummation of the transaction and the lawful development of the property." *See* Am. Compl. ¶ 79 (emphasis in original). This is conclusory, not factual. Plaintiffs also allege that "Supervisor Deplanque expressed, absolute bias against the development of the Property by expressly denoting his opposition to it and intent to vote against it" and that "[Deplanque, Wilson, Gregonis, and Paff] have notified township officials and personnel – and publicly posted, a stated intent to delay this project until January 2024 when a new Board of Supervisors is sworn in giving Deplanque the majority he needs to control the Board." *Id.* at ¶¶ 21, 50. These statements show that people in the community were opposed to Plaintiffs' project, but do not allege that Defendants took any action that was intended to harm Plaintiffs' relationship with the Developer. *See Waterfront Renaissance Assocs. v. City of Phila.*, No. 07-1045, 2008 U.S. Dist. LEXIS 25868, at *31 (E.D. Pa. Mar. 31, 2008) ("The interference must be directed toward a third party business relation."). Gregonis's social media post encouraging people to attend the zoning hearing is also insufficient to show purposeful intent to harm Plaintiffs prospective contract. *See id. See also Firetree, Ltd. v. Fairchild*, 920 A.2d 913, 918-19 (Pa. Commw. Ct. 2007) (holding that "[u]nder the Noerr-Pennington doctrine, an individual is immune from liability for exercising his or her First Amendment right to petition the government . . . [regardless of] whether the speaker has a proper motive or intent"). Similarly, Paff's determination that a variance was needed as part of the development egress plans for the warehouse does not suggest intent to harm Plaintiffs' prospective contract.[9]  *See id.* ("If the

---

[9]      The suggestion that Paff "[a]long the way" cited the Property at the behest of Gregonis does not suggest any interreference with Plaintiffs' prospective contract with the Developer. There are also no allegations that the citation, which was remote in time, was intended to harm Plaintiffs or was unjustified.  Such allegations therefore do not state a claim.

actor's conduct has the unintended result of harming prospective relations, no liability attaches.").  Moreover, even if any of these actions satisfied the second required element (purposeful action, intended to harm), Plaintiffs fail to satisfy the third element of their claim because the individual Defendants' expressed opinions against the development plans were privileged speech.  Similarly, Paff's determination that a variance was needed was made within the scope of his job duties and was therefore justified.  There are also social interests in protecting municipal employees' ability to conduct their duties without fear of lawsuits and of encouraging free speech and debate.  The claims for tortious interference are dismissed without leave to amend.[10]

### H.    The civil conspiracy claims are dismissed with prejudice.

In the absence of an underlying claim, the civil conspiracy claims fail as a matter of law. *See Butler v. Wetzel*, No. 23-1761, 2024 U.S. App. LEXIS 5640, at *7 n.3 (3d Cir. Mar. 8, 2024) (concluding that because "the defendants were entitled to judgment as a matter of law on the underlying First Amendment retaliation claim, the conspiracy claim fails"); *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 407 (3d Cir. 2000) ("Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable." (internal quotations omitted)).  Moreover, Plaintiffs did not plead sufficient facts to support a claim of civil conspiracy.  Rather, the Amended Complaint contains allegations about separate actions taken by different Defendants, coupled with Plaintiffs' speculation and unsupported conclusions that Defendants conspired to take such actions.  There

---

[10]    For all these reasons and after consideration of Plaintiffs' arguments and exhibits in opposition to the Motions to Dismiss, this Court finds that an amendment would be futile.  *See Grayson*, 293 F.3d at 108. *See also* footnote 7, *supra* (declining supplemental jurisdiction).

are absolutely no allegations to show any meeting of the minds.  The conspiracy claims are therefore dismissed with prejudice.[11]

**I.      Plaintiffs' motion seeking extraordinary relief is dismissed and denied.**

Since all of Plaintiffs' claims are dismissed, Plaintiffs' Motion for Preliminary Peremptory Judgment and Mandamus is also dismissed and denied.  A preliminary injunction is not warranted because Plaintiffs failed to establish likelihood of success on the merits of any claim.  *See Winter*, 555 U.S. at 7.  For this reason and those more fully discussed above, Plaintiffs have not shown that the case is "clear and free from doubt" or that their rights are "clear;" therefore, mandamus is not an appropriate remedy.  *See Glen Riddle Station, L.P.*, 2021 U.S. Dist. LEXIS 56466, at *15.  Furthermore "[i]t is (to say the least) by no means clear that a federal court has the authority to employ state procedures created by state courts for their own use."  *See id.* (denying mandamus relief pertaining to a plaintiff's land-use dispute).

**V.      CONCLUSION**

The allegations do not show any constitutional or tortious acts by Defendants; rather, they show Plaintiffs' disagreement with the zoning application process and with other opinions about their development plans.  Although Plaintiffs were advised of the deficiencies in their due process and equal protection claims, the Amended Complaint fails to state a claim.  These claims, along with the corresponding request for declaratory judgment relief, are therefore dismissed with prejudice.  Despite allegations of a conspiracy to essentially delay or deny review of the development plans, Plaintiffs complain of separate acts by different Defendants and

---

[11]      For these reasons previously explained as to why the underlying claims are dismissed without leave to amend, any attempt to amend the conspiracy claims would also be futile.  *See* footnotes 4-7, 10, *supra*.  The lack of merit of the conspiracy claims is also evident from Plaintiffs' allegation that "this conspiracy *predates* the subject Plan's submission . . . ."  *See* Am. Compl. ¶ 51 (emphasis added).   Plaintiffs' suggestion that Defendants conspired to deprive him of a fair hearing on an application that had not even been drafted, let alone filed, is frivolous.

therefore also fail to state a conspiracy claim.  These claims are dismissed with prejudice and the remaining federal claim- Fifth Amendment taking- is without leave to amend as premature. Plaintiffs' state-law takings claim lacks merit, as does the tortious interference claim, and these claims are also dismissed without leave to amend.  Finally, the remaining counts- for declaratory relief and private inurement- are not viable causes of action and are dismissed with prejudice. Since all claims are dismissed, Plaintiffs' Motion for Preliminary Peremptory Judgment and Mandamus is also dismissed and denied.  The case is closed.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge