UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

NICHOLAS PRIKIS and                          :
SOPHIE PITTAS,                               :
        Plaintiffs,                          :
                                     :
        v.                                   :    No. 5:23-cv-03901
                                     :
MAXATAWNY TOWNSHIP;                          :
JOHN DEPLANQUE; CHRIS PAFF;                  :
STEVE D. WILSON; JANNA GREGONIS;            :
and MAXATAWNY TOWNSHIP                       :
ZONING HEARING BOARD;                        :
        Defendants.                          :

_____

**O P I N I O N**
**Plaintiffs' Motion to Amend Judgment, ECF No. 52- Denied**

**Joseph F. Leeson, Jr.**                         **October 18, 2024**
**United States District Judge**

## I.    INTRODUCTION

      This case arises out of disagreements between the owners of land under contract for sale to a developer, who filed zoning applications pertaining to the property, and the township reviewing the zoning applications. All claims were dismissed with prejudice on August 20, 2024, but Plaintiffs have filed a Motion to Amend Judgment Pursuant to Rules 59(e) and 15(a), along with a proposed second amended complaint. Defendants oppose allowing further leave to amend, arguing the amendment is untimely and futile. For the reasons set forth below, the motion to amend is denied, and the action remains closed.

## II.    BACKGROUND

      The background of this case was detailed in this Court's August 20, 2024 Opinion and will not be repeated in its entirety herein. *See* Opn., ECF No. 50. Of relevance, the Court notes

that Plaintiffs Nicholas Prikis and Sophie Pittas filed a Complaint on October 6, 2023.  *See* ECF No. 1.  On November 24, 2023, in response to a Motion to Dismiss, *see* ECF No. 19, Plaintiffs filed an Amended Complaint asserting seven claims: civil conspiracy, due process violations, equal protection violations, declaratory judgment, unlawful takings, tortious interference as to the individual defendants only, and private inurement.  *See* ECF No. 24.  Defendants separately filed Motions to Dismiss the Amended Complaint. *See* ECF Nos. 34-38.  After all briefing was submitted, Plaintiffs filed five notices of recent material facts.  *See* ECF Nos. 43, 46-49.

In an Opinion and Order dated August 20, 2024, this Court dismissed all claims with prejudice after finding that leave to amend would be futile.  *See* Opn.  In deciding futility, this Court considered the supplemental factual allegations.  *See id.* at 3-5.  This Court also found that similar arguments for dismissal were raised in a motion to dismiss the original Complaint and that Plaintiff's counsel had a prior opportunity to correct the deficiencies but failed to do so when filing the Amended Complaint.  *See id.* at footnotes 4-6 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that leave to amend "must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (holding that leave to amend may be denied "based on . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment").

On September 16, 2024, Plaintiffs filed a Motion to Amend Judgment Pursuant to Rules 59(e) and 15(a) of the Federal Rules of Civil Procedure, along with a proposed second amended complaint.  *See* ECF No. 52.  The proposed second amended complaint asserts three counts against the same Defendants: (I) substantive due process violation, (II) procedural due process violation, and (III) equal protection violation.  *See* Prop. Compl., ECF No. 52-1.  The Motion is fully briefed.  *See* ECF Nos. 53-58.

## III.    STANDARD OF REVIEW

### Motion to Amend a Final Judgment, Rules 15 and 59(e)- Review of Applicable Law

In *Burtch*, the Third Circuit Court of Appeals explained the interplay between the

standards governing motions for reconsideration under Rule 59(e) and motions to amend

pursuant to Rule 15(a).  The Court stated:

> Generally, motions for reconsideration under Rule 59(e) must rely on one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3)  the need to correct clear error of law or prevent manifest justice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citation omitted). The factors that guide our review in a Rule 59(e) motion may be affected by the underlying judgment. *See Adams v. Gould*, 739 F.2d 858, 864 (3d Cir. 1984). In this Circuit, "'where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors.'" *Adams Golf*, 381 F.3d at 280[1] (quoting *Cureton v. NCAA*, 252 F.3d 267, 272 (3d Cir. 2001)); *see also Gould*, 739 F.2d at 864.  The Rule 15(a) factors include "undue delay, bad faith, prejudice, or futility." *Adams Golf*, 381 F.3d at 280 (citation omitted).
>
> In *Ahmed v. Dragovich*, 297 F.3d 201 (3d Cir. 2002), we noted that "the liberality of [Rule 15(a)] is no longer applicable once judgment has been entered" because Rule 15(a) and 59(e) should not be employed in a manner contrary to "favoring finality of judgments and the expeditious termination of litigation . . . . that would render those provisions meaningless." *Id.* at 208 (citation and internal quotation marks omitted).  . . .  *Ahmed* is not inconsistent with this Court's other precedent requiring that we consider Rule 15(a) and Rule 59(e) motions together and apply the analysis typical to the Rule 15(a). *Ahmed* considered the Rule 60(b) motion and the Rule 15(a) motion together on the grounds that it "would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend" and denied both motions because the amended pleading was futile. 297 F.3d at 209.
>
> . . . Procedurally, we believe that the appropriate manner to dispose of this issue is to consider the motions together and determine what outcome is permitted by consideration of the Rule 15(a) factors. In our view, the end result remains the same. . . .
>
> Futility is a basis on which to deny a Rule 59(e) motion accompanied by a Rule 15(a) motion. *See Gould*, 739 F.2d at 864. Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Great Western*, 615 F.3d at 175[2] (citation and internal quotation marks omitted). Futility of an amended complaint is reviewed under the "same standard of legal sufficiency

---

1    *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)
2    *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010)

as applies under [F.R.C.P.] 12(b)(6)." *Ahmed*, 297 F.3d at 209 (citations and internal quotation marks omitted).

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230-31 (3d Cir. 2011).

## IV.   ANALYSIS

### A.   Amendment of the claims against the Maxatawny Township Zoning Hearing Board is futile and is denied.

On August 20, 2024, this Court dismissed the Maxatawny Township Hearing Zoning Board as a Defendant with prejudice because, in addition to failing to sufficiently plead an underlying claim, the Amended Complaint "barely mention[ed]" the Maxatawny Township Hearing Zoning Board and failed to even list its members by name. *See* Opn. 14-15 (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that a "defendant in a civil rights action must have personal involvement in the alleged wrongs" and "[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity")).

The proposed second amended complaint also contains insufficient allegations against the Board. Again, Plaintiffs fail to identify the members of the Board, and the supplemental allegations refer primarily to what actions the new Board took after the alleged constitutional violations occurred. Plaintiff's request to reopen the judgment and allow an amended complaint against the Board is therefore denied for this reason, as well as those that follow.

### B.   Amendment of the procedural due process claim is futile and is denied.

The August 20 Opinion dismissed the procedural due process claim with prejudice because Plaintiffs have a state avenue to challenge the Board's decision. *See* Opn. 16 (citing *Toll Bros., Inc. v. Twp. of Charlestown*, No. 01-CV-1455, 2001 U.S. Dist. LEXIS 24225, at *16-17 (E.D. Pa. Nov. 28, 2001) (finding that the plaintiff, a real estate developer claiming that the township wrongfully denied approval of its proposed development, failed to state a procedural due process claim because Pennsylvania provides an adequate procedural mechanism to

challenge the board's decision on a zoning ordinance)).  In finding futility in an amendment, this Court noted that "Plaintiffs are actively pursuing their rights in the state court."  *See* Opn. n.5. The Opinion also explained that because the Developer asked that the zoning hearing on September 7, 2023, be continued and waived the right to a hearing within sixty (60) days on his Conditional Use Application, Plaintiffs' challenge based on delay lacked merit.  *See id.*

Plaintiffs do not address this continuance request in the proposed second amended complaint; instead, they offer conclusory allegations that Defendants failed to provide a fair and timely review of the Conditional Use Application.  These allegations are not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  Additionally, the proposed second amended complaint lacks merit to the extent it alleges that the Developer was deprived of his right to cross-examine Paff before the Board, *see, e.g.* Prop. Compl. ¶ 33, as the Developer filed an appeal in the Berks County Court of Common Pleas.  *See Rogin*, 616 F.2d at 695 (holding that "in view of the fact that Pennsylvania's system of adjudicating zoning challenges appears to be consistent with the requirements of due process, the district court did not err in holding that [the plaintiff] fail[ed] to state a colorable procedural due process claim").  Plaintiffs have apparently forgotten that "the focus in procedural due process claims is on the adequacy of the remedial procedure, and not on the government's actual actions that allegedly deprived the individual of his liberty or property interest." *See K.S.S. v. Montgomery Cty. Bd. of Comm'rs*, 871 F. Supp. 2d 389, 397-98 (E.D. Pa. 2012).  There is no suggestion that Plaintiffs have been deprived of this remedy.  *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 695 (3d Cir. 1980) ("If the landowner is dissatisfied with the [zoning] Board's decision, it then has the right to appeal to the Court of Common Pleas.").

Consequently, Plaintiffs have again failed to state a procedural due process claim.  The motion to reopen judgment to file a second amended complaint is denied.

      **C.**      **Amendment of the substantive due process claim is futile and is denied.**

On August 20, 2024, this Court determined that Plaintiffs failed to state a substantive due process claim because the Amended Complaint did not contain allegations that rise to the level of conscience-shocking behavior.  *See* Opn. 16-17 (citing *UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392, 402 (3d Cir. 2003) (holding that "[l]and-use decisions are matters of local concern and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives")).  This Court explained that the Amended Complaint "essentially alleges that certain Defendants dislike Plaintiffs' development plans and have called on the public to voice their opinions at the public zoning hearings and, also, that Plaintiffs disagree with Paff's determination that the Local Code requires a variance[, which] 'are examples of the kind of disagreement that is frequent in planning disputes.'"  *See* Opn. 17 (quoting *Eichenlaub v. Twp. of Ind.*, 385 F.3d 274, 286 (3d Cir. 2004) (concluding that the plaintiff's allegation "that zoning officials applied subdivision requirements to their property that were not applied to other parcels; that they pursued unannounced and unnecessary inspection and enforcement actions; that they delayed certain permits and approvals; that they improperly increased tax assessments; and that they maligned and muzzled the [plaintiffs] . . . are examples of the kind of disagreement that is frequent in planning disputes" and does not rise to the level of conscience-shocking behavior)).

The supplemental allegations in the proposed second amended complaint do not change

this Court's assessment.[3]  Plaintiffs' request to reopen the judgment dismissing the substantive

due process claim with prejudice to allow an amended complaint is therefore denied.

### D.       Amendment of the equal protection claim is futile and is denied.

The August 20 Opinion explained that the Amended Complaint, although suggesting

Defendants treated Plaintiffs' project differently than another similarly situated project, failed to

identify the allegedly similarly situated project or offer any facts showing the projects were alike

"in all relevant aspects."  *See* Opn. 18-19 (citing *Joey's Auto Repair & Body Shop v. Fayette

Cty.*, 785 F. App'x 46, 49 (3d Cir. 2019) (affirming dismissal of a "class of one" equal protection

claim where the plaintiffs failed to allege specific examples of how the one identified business

was similarly situated)).

The proposed second amended complaint identifies the allegedly similarly situated

project.  *See, e.g.* Prop. Compl. ¶ 27 (identifying the "Hottenstein Rd project").  Nevertheless,

when the conclusory allegations are ignored, *see  Iqbal*, 556 U.S. at 678, this Court is unable to

determine whether the projects are alike in all relevant respects.  Moreover, Plaintiffs have failed

---

[3]       The Amended Complaint stated: "Plaintiff's federal complaint is based on the
Defendants' allegedly unlawful course of conduct and does not challenge the legality of any
ordinance."  *See* Am. Compl. ¶ 46, ECF No. 24.  Notably, this statement has been removed from
the proposed second amended complaint.  The proposed second amended complaint alleges that
the amended ordinance is illegal, *see* Prop. Compl. ¶¶ 49, 71, 86; however, the amended
ordinance did not impact Plaintiffs' Conditional Use and variance applications because
Pennsylvania law provides that the applications are governed by the ordinance in effect at the
time the application was filed.  *See* 53 Pa. Stat. Ann. § 10508(4)(i) ("From the time an
application for approval . . . is duly filed as provided in the subdivision and land development
ordinance. . . , no change or amendment of the . . . governing ordinance . . .  shall affect the
decision on such application adversely to the applicant and the applicant shall be entitled to a
decision in accordance with the provisions of the governing ordinances . . . as they stood at the
time the application was duly filed.").  Accordingly, even if the amended ordinance is illegal,
which the allegations have not shown, these supplemental allegations fail to state a substantive
due process claim.  *See id.*; *Jenkinson's Pavilion v. Borough of Point Pleasant Beach*, No. 20-
11906 (FLW), 2021 U.S. Dist. LEXIS 79317, at *23-24 (D.N.J. Apr. 26, 2021) (dismissing the
plaintiffs' claim that the ordinance was illegal because the allegations were "conclusory and
bereft of facts sufficient to sustain a plausible claim for relief").

to meet their "high burden" of alleging facts showing there was "no rational basis for the difference in treatment." *See Highway Materials, Inc. v. Whitemarsh Twp.*, 386 F. App'x 251, 259 (3d Cir. 2010) (explaining the plaintiff's "high burden" of demonstrating "different treatment [that] is irrational and wholly arbitrary" (internal quotations omitted)).  The proposed second amended complaint alleges that Paff, "contrary to his . . . application of the identical ordinance as against an identical competing project," determined that Plaintiffs' project required a variance.  *See* Prop. Compl. ¶ 27.  The proposed second amended complaint also alleges that approval of the allegedly identical project was "reversed by Pennsylvania's Commonwealth Court of Appeals." *Id.* at n.2.  In the Commonwealth Court's opinion, the court stated that the developer "should have been required to obtain variances before approval of the Plan." *See* Com. Opn. 13, ECF No. 42-7.  Accordingly, the allegations show there was a "rational basis" for Paff's decision to require Plaintiffs to obtain a variance.  *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that to state a successful equal protection claim on a class-of-one theory, the plaintiff must allege "that there is no rational basis for the difference in treatment" from others similarly situated).  Because Plaintiffs have again failed to state an equal protection claim, leave to amend would be futile and the request to reopen judgment is denied.

## V.    CONCLUSION

For the reasons set forth herein, as well as in the Opinion dated August 20, 2024, Plaintiffs fail to sufficiently state a claim in the proposed second amended complaint. Accordingly, it would be futile to reopen judgment to allow an amendment.  In addition to futility, this Court also finds that reopening the case now, more than a year after it was initiated, to allow a second amended complaint to attempt to cure deficiencies that were first identified by Defendants on November 1, 2023, is not necessary to prevent manifest injustice.  Plaintiffs'

Motion to Amend Judgment Pursuant to Rules 59(e) and 15(a) is denied and the case remains

closed.

A separate order will be issued.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge